IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Anthony E. Hackney, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Hardee's Food Systems, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 8:13-2191<br><br>**ORDER** |

      The plaintiff, Anthony E. Hackney ("Hackney"), filed this action against his former employer, Hardee's Food Systems, LLC ("Hardee's"), claiming that the termination of his employment by Hardee's violated the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"). (ECF No. 1). Hardee's filed a motion for summary judgment. (ECF No. 21). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., that motion was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court to grant the motion for summary judgment. (ECF No. 32). Hackney has filed objections. (ECF No. 36).

      The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Hackney makes two specific objections.[1]  First, he objects to the magistrate judge's finding that the temporal proximity between his leave time and the termination of his employment is insufficient to establish pretext.  (ECF No. 36 at 2-6).  Most of his objections related to temporal proximity are dedicated to arguing that the close temporal proximity can establish his *prima facie* case and not whether it establishes pretext.  (ECF No. 36 at 2-6). Second, he objects to the magistrate judge's determination that the video evidence shows that there is no genuine issue of material fact about whether Hardee's reasonably believed he violated company policy.  (ECF No. 36 at 6-12).

With regard to Hackney's pretext objection, his only argument is that his termination occurred within a close proximity to his termination of employment.  To show pretext, "the employee must produce affirmative evidence of discriminatory motive or affirmative evidence that the employer's proffered explanation is simply unworthy of credence."  *Blankenship v. Buchanan Gen. Hosp.*, 140 F. Supp. 2d 668, 674 (W.D. Va. 2001).  The magistrate judge found that the six weeks between his last approved sick leave and his termination was not evidence of pretext.  (ECF No. 32 at 13).  The court agrees with the magistrate judge.  Hackney's objections try to establish that the justifications for his termination were pretext for discrimination based solely on the temporal proximity between his last FMLA leave date and his termination.  *See, e.g.*, *Glover v. S.C. Law Enforcement Div.*, 170 F.3d 411, 414 (4th Cir. 1999) (indicating that Title VII does not immunize improper behavior).  Hackney has not provided the court with any

---

[1] Hackney did not file a specific objection to the magistrate judge's finding concerning the use of a "mixed motive analysis" in this case; instead, Hackney merely copied the exact argument he made in his response to Hardee's motion for summary judgment and inserted it in his objections. (ECF No. 36 at 12).  Because Hackney failed to file a specific objection to this portion of the Report, he has waived his right to de novo review on that issue.  *See, e.g.*, 28 U.S.C. § 636 (indicating that a court only has to conduct de novo review to any portion of the Report to which specific, written objections are made); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that the court need not conduct de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations").  The court finds that the magistrate judge did not commit clear error.

affirmative evidence of discriminatory motive on the part of any of his supervisors. *See Blankenship*, 140 F. Supp. 2d at 674. Moreover, Hackney indicated that his time off in November was for vacation days and sick time not pursuant to the FMLA, and he admitted that did not tell Hardee's that they were FMLA leave dates. (ECF Nos. 21-2 at 27; 21-3 at 52-61).

In addition, the video evidence clearly supports Hardee's reasonable belief that Hackney conducted a search of an employee and falsified his report in violation of company policy. "It is the perception of the decision maker which is relevant . . . ." *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 444 (4th Cir. 1998), *overruled on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). "[W]hen an employer articulates a reason for discharging the plaintiff not forbidden by law, it is not our province to decide whether the reason was wise, fair, or even correct, . . . so long as it truly was the reason for the plaintiff's termination." *DeJarnette v. Corning Inc.*, 133 F.3d 293, 298 (4th Cir. 1998) (quoting *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 410-11 (7th Cir. 1997)).

It is clear that no reasonable fact finder, after watching the video, could conclude that this portion of Hackney's report is correct:

> [After searching the drive through area,] I then returned to the table where Sgt Brown and [the employee] were and asked if she had a coat. She stated that her coat was in the office and asked if I was allowed to search it. I stated that I was not asking to search her coat, only inquiring if she had one. She then got up and said she wanted to show me that nothing was in her coat. I told her there was no need in that, but she insisted so, I followed her to the office where she removed her coat from the office chair and proceeded to turn her pockets inside out.

(ECF No. 21-3 at 67). The video shows that Hackney approached the employee at 9:34:49. (ECF No. 21-3 at 71). He begins talking at 9:34:51, and he walks away to leave at 9:34:54. (ECF No. 21-3 at 71). The employee does not start walking away until approximately 9:35. The footage shows Hackney still leading the employee at 9:35:07. (ECF No. 21-3 at 71). The video

then shows the employee emptying out the pockets of her jacket and showing them to Hackney, who remains off camera. (No. 21-3 at 72).

Prior to the incident, Hackney's boss had specifically advised him not to search the employee's personal property. (ECF Nos. 21-3 at 7; 21-4 at 19). Hackney admits he initiated the discussion about her jacket with hopes of it being searched by Sergeant Brown. (ECF No. 21-3 at 126-27). The video shows the employee showing the contents of her jacket to Hackney; the company policy does not require Hackney to actually conduct the search himself. (ECF No. 21-3 at 73). It is also evident that Hackney's purported conversation in his report to Hardee's could not have taken place within three seconds. Moreover, the video evidence is clear that Hackney did not follow the employee, and given her hesitation, it seems reasonable for Hardee's to believe that she did not insist that he follow her. Accordingly, the court finds that the evidence supports Hardee's reasonable belief and perception that Hackney searched the employee and provided false information in his report in violation of its policy.

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 32) and incorporates it herein. It is therefore **ORDERED** that Hardee's motion for summary judgment (ECF No. 21) is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Court Judge

March 6, 2015
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.